# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| THE SWEET LAKE LAND AND OIL COMPANY, LLC | CIVIL ACTION |
| VERSUS | NUMBER 11-MC-90-FJP-DLD |
| NATIONAL OILWELL VARCO, LP | WESTERN DISTRICT OF LOUISIANA, C.A. No. 09-1100-PM-KK |

## ORDER

This matter is before the court on a referral from the district court on The Sweet Lake Land and Oil Company, LLC's (hereinafter "Sweet Lake") motion to compel (rec. doc. 1), filed herein on December 9, 2011.[1]  No opposition has been filed.

### *Background*

Plaintiff issued a Rule 45 subpoena for records deposition to non-party National Oilwell Varco, LP (hereinafter "NOV"),[2] and served same upon NOV's agent for service of process in Baton Rouge, LA.  Sweet Lake states that in response to the Rule 45 subpoena, NOV "produced some documents related to the work performed by Exxon, including daily drilling reports and invoices, but it "has been unable to verify that there are no remaining documents in NOV's possession responsive to its requests."  (rec.doc. 1)

No opposition has been filed by NOV; however, it is unknown to this court if NOV was served properly with this motion to compel.  The attached certificate of service states that the motion was filed electronically using the CM/ECF system, "which will send notice of electronic filing to all counsel of record in the matter."  (rec.doc. 1, pg. 2) As NOV is not a party, and Sweet Lake did not provide an address for NOV's electronic receipt of the

---

[1]The underlying suit is *Sweet Lake Land and Oil Company, LLC v. Exxon Mobil Corporation*, C.A. 09-1100-PM-KK, United States District Court for the Western District of Louisiana.

[2]Sweet Lake erroneously identifies NOV as a "third party," but the Western District record reflects that NOV is not a party in any way in the underlying suit.

motion to compel, service of the motion to compel was not perfected under this method. Further, the court notes that while Sweet Lake filed an executed summons into this court's record on December 21, 2011, which was directed to NOV, the summons was incorrect as it was the summons used to notify a defendant of the lawsuit, and clearly states on its face that NOV "must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure." (rec.doc. 3) Thus, it appears to this court that Sweet Lake did not comply with F.R.C.P. 45(b)(1); thus, NOV was not served properly with the motion to compel.

Even assuming, *arguendo,* that service was perfected but NOV still did not file a formal opposition to the motion, the burden is Sweet Lake's to nevertheless establish that it is entitled to relief before the court properly can grant the motion. Here, Sweet Lake merely stated its dissatisfaction with NOV's responses but failed to properly identify the alleged deficiencies. Further, there is also no certification that Sweet Lake conferred or attempted to confer with NOV before seeking this court's intervention. *See* F.R.C.P. 37(a)(1) Thus, without knowing which responses were inadequate and why, the court cannot address Sweet Lake's complaints, much less rule in its favor. Sweet Lake has failed to meet its burden that it is entitled to relief on its motion.

Accordingly,

**IT IS ORDERED** that the motion to compel (rec.doc. 1) is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 31, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

-2-

Case 3:11-mc-00090-FJP-DLD   Document 4   01/31/12   Page 2 of 2